IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA HERDER,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-0998** |
| | : | |
| **WARDEN WAHL,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                      **MAY 3, 2023**

Plaintiff Joshua Herder, a prisoner currently confined at SCI Waymart, filed this civil action alleging that he was wrongfully convicted and that his speedy trial rights were violated. For the following reasons, the Court will grant Herder leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.  FACTUAL ALLEGATIONS**[1]

Herder, a convicted and sentenced state prisoner, brings this civil action pursuant to 42 U.S.C. § 1983. (*See* Compl. at 2, 4.) The allegations in Herder's Complaint are difficult to discern. Herder appears primarily to allege that he was wrongfully convicted of first-degree murder because the evidence "clearly proves otherwise," and that his speedy trial rights were violated. (*Id.* at 3.) Named as Defendants are "SCI Waymart Warden Wahl" and Judge Minehart of the Philadelphia Court of Common Pleas, who sentenced Herder in his state criminal

---

[1] The facts set forth in the Memorandum are taken from Herder's Complaint and other public records of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch Dist.*, 452 F.3d 256, 260 (3d Cir. 2006.) The Court adopts the pagination supplied by the CM/ECF docketing system.

case. (*See id.* at 2.) Herder asks the Court to "throw[] away" his state court conviction and to release him from prison. (*Id.* at 5.)

Public records reflect that on June 14, 2022, Herder filed a federal *habeas corpus* petition alleging violations of his due process, as well as speedy trial, rights. *See Herder v. Warden of SCI-Waymart*, Civ. A. No. 22-2365 (E.D. Pa.). The habeas petition is pending in the United States District Court for the Eastern District of Pennsylvania and counsel has been appointed to represent Herder in that matter. (*See id.*)

## II.   STANDARD OF REVIEW

The Court will grant Herder leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[2]   As Herder is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

Because Herder is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

**III.   DISCUSSION**

Herder's allegations are disjointed and include passing references to various legal terms. Nonetheless, the Court understands Herder's claims to allege that he was wrongfully convicted and that his right to a speedy trial was violated. (*See* Compl. at 3-4.) For these alleged violations, Herder seeks to have his criminal conviction dismissed and to be released from prison. (*Id.* at 5.)

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor"). Specifically, allegations that Defendants violated his right to a speedy trial cannot form the basis of an underlying constitutional violation under § 1983. This is because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a

habeas petition after exhausting state remedies." *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (*per curiam*) (citing cases).

Accordingly, Herder's request for release from prison is not cognizable in a civil rights action such as this one. Rather, if he seeks to challenge his state court conviction in federal court, he must pursue his claims in a habeas petition. As noted above, Herder has already filed such a petition, which is pending in the Eastern District of Pennsylvania and the dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Herder] against his state proceedings." *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*).[3]

---

[3] There are other reasons why Herder's claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Herder has not alleged how Defendant Wahl was personally involved in the alleged violation of his rights so as to state a plausible claim against him.

Herder's claims against Judge Minehart also fail because Judge Minehart is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). The state court docket reveals that Judge Minehart presided over Herder's criminal trial. *See Commonwealth v. Herder*, Nos. CP-51-CR-0007152-2008, CP-51-CR-0007157-2008 (Phila. C.P.). Since Herder's claims against Judge Minehart are based on acts he took in this capacity, Judge Minehart is entitled to absolute immunity for those claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Herder leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Herder will not be given leave to file an amended complaint in the instant case, because amendment would be futile.  An appropriate Order follows.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN MILTON YOUNGE, J.**